IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CALVIN E. MCGOWAN | ) | |
| | ) | |
| v. | ) | NO. 3:04-0996 |
| | ) | |
| DELL COMPUTER CORP., et al. | ) | |

TO: Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

By order entered November 9, 2004 (Docket Entry No. 2), this case was referred to the Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for case management, for decision on all pretrial, nondispositive motions, for a report and recommendation on any dispositive motions, and to conduct any necessary proceedings.

Presently pending before the Court is the plaintiff's motion (Docket Entry No. 35) for reconsideration of entry of default and motion for default judgment, to which the defendants have filed a response in opposition (Docket Entry No. 38) and a motion to strike (Docket Entry No. 45). Also before the Court is the individual defendants' motion (Docket Entry No. 39) to dismiss. The plaintiff has filed a response in opposition (Docket Entry No. 43) to the motion to dismiss, the individual defendants have filed a reply (Docket Entry No. 46), and the plaintiff has filed a supplemental response (Docket Entry No. 48). Set out below is the Court's recommendation for disposition of the motions.

## I. BACKGROUND

The plaintiff, acting pro se, filed this action against Dell Computer Corporation ("Dell") and nine individual defendants - Clark Ponthier, Greg Kelly, James Kernian, Kevin Brown, Ron Jarvis, Ken Forte, Bernie Davis, Jeff Hellums, and Michelle Butler ("the individual defendants"). The plaintiff is a former employee at Dell and alleges that he has suffered racial discrimination, harassment, and disparate treatment at Dell in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. He also alleges a claim under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401, and a claim under 42 U.S.C. § 1981.

The plaintiff attempted to serve the defendants by certified mail at the Dell plant in Lebanon, Tennessee. Process for all defendants was received by a person named "Fran Cox," a receptionist at the Dell plant, who signed the return receipt cards for the certified mail. See Declaration of Fran Cox (Docket Entry No. 28). Dell filed an answer (Docket Entry No. 3) to the complaint; however, no response was filed by any of the individual defendants, and the plaintiff filed motions for default judgment against each of the individual defendants. Through a limited appearance, the individual defendants responded to the motions and filed a motion to quash improper attempts at service. See Docket Entry No. 24.

On December 20, 2004, the Clerk declined to enter default against any of the individual defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. See Docket Entry No. 29. The Clerk found that the plaintiff did not show that he had properly served the individual defendants. The Clerk determined that mailing the complaint and summons to them at their work

2

address, even though the complaint and summons were accepted by a person at that address, was insufficient.[1]

## II. CONCLUSIONS

A. Motion for Reconsideration and Motion for Default Judgment

The plaintiff asks that the Court reconsider his request for the entry of default and requests default be entered against the individual defendants. He contends that his motion for default judgment should have been considered by the Court, not by the Clerk of Court, and that the Clerk inappropriately made conclusions of law in declining to enter default. Finally, the plaintiff asserts that the Clerk incorrectly stated that the plaintiff had not satisfied the requirements of the Servicemembers Civil Relief Act. The plaintiff additionally devotes five pages of argument as to why the individual defendants were properly served with process when Ms. Cox accepted the certified mailing of the complaint and summons sent to the individual defendants at the Dell plant address. In support of his motion, the plaintiff also filed his own declaration in which he recounts conversations he purportedly had with two employees of the United States Postal Service about the procedure for mail delivery at the Dell plant. See Docket Entry No. 41.

Initially, the Court notes that the defendants have filed a motion (Docket Entry No. 45) to strike or disregard this declaration on the ground that it fails to present any admissible evidence. The Court agrees that the declaration consists entirely of inadmissible hearsay about conversations

---

[1] The Clerk also found that the plaintiff had not satisfied the requirements of the Servicemembers Civil Relief Act of 2003.

3

the plaintiff had with other individuals. As such, the motion to strike should be granted, and the Court has given no consideration to this declaration.

The plaintiff's motion for reconsideration and motion for default judgment should be denied. After consideration of the record before the Court, the Court finds that the plaintiff has not shown any reason why the denial of the entry of default made by the Clerk was improper or why the Clerk's decision should be disturbed.

Rule 55(a) of the Federal Rules of Civil Procedure provides that the Clerk of Court is to determine whether entry of default is appropriate. Because the entry of default is a prerequisite to a judgment by default under Rule 55(b), it was appropriate for the Clerk to make an initial review of the matter of entry of default against the defendants regardless of the fact that the plaintiff raised the issue in a motion styled as a motion for judgment by default. Additionally, it was not improper for the Clerk to consider and disregard the case law raised by the plaintiff in making the determination that default should not be entered against the individual defendants.

Furthermore, the Court finds no error in the analysis made by the Clerk. Rule 4(e)(2) of the Federal Rules of Civil Procedure specifically provides that, when service of process is not made on the individual personally or is not made at the individual's dwelling or usual place of abode, service may be accomplished only by delivering a copy of the complaint and summons to "an agent authorized by appointment or by law" to receive service of process. A plaintiff cannot effect service of process upon an individual defendant merely by leaving a complaint and summons at the individual's place of business. Babb v. Bridgestone/Firestone, 861 F. Supp. 50, 51-51 (M.D. Tenn. 1993). This is true even if the complaint and summons are left with a receptionist at the place of

4

business, id., or are sent by certified mail. The person accepting the complaint and summons must be an "agent authorized" to receive service of process on behalf of the individual.

Neither the caselaw nor the evidence relied on by the plaintiff, however, support his arguments that he properly served the individual defendants. The plaintiff contends that, because he is unaware of the individual defendants' home addresses, sending the complaint and summons by certified mail to Dell is sufficient to serve them with process because their work address is the only address he knows for them.

The plaintiff cites Trimble v. United States Dept. of Agriculture, 87 Fed. Appx. 456, 2003 WL 23095662 (6th Cir., Dec. 10, 2003) (unpublished), and DePiero v. City of Macedonia, 180 F.3d 770, 788-89 (6th Cir. 1999), to support this argument. The plaintiff's reliance on these two cases is misplaced because both cases are factually and legally distinguishable from the instant action. Both cases involved a scenario in which a governmental entity was attempting to notify a defendant of an administrative or quasi-criminal proceeding and did not address a plaintiff's attempt to serve process of a complaint and summons on a defendant in a civil action. Further, neither case addressed the issue of service of process, but instead addressed the constitutional issue of whether the defendants involved received adequate notice of the proceedings under the due process clause. Finally, neither case even mentions Rule 4(e) of the Federal Rules of Civil Procedure and the specific requirements for accomplishing service of process upon an individual. These two cases simply do not stand for the proposition asserted by the plaintiff.

The plaintiff next shifts his argument to an assertion that service of process was accomplished because Ms. Fran Cox was an agent authorized to receive service of process for the individual defendants. The plaintiff notes that Rule 4(e)(1) of the Federal Rules of Civil Procedure

5

permits him to effect service of process pursuant to the laws of Tennessee and that Rule 4.04 of the Tennessee Rules of Civil Procedure tracks Rule 4(e)(2) of the Federal Rules of Civil Procedure by permitting service upon an agent authorized to receive service of process on behalf of the defendant.

The plaintiff contends that under Tennessee law, as set out in <u>Boles v. Tennessee Farmers Mut. Ins. Co.</u>, 2000 Tenn. App. Lexis 489, 2000 WL 1030837 (Tenn. Ct. App., July 27, 2000) (unpublished), a receptionist who is authorized to sign for and receive a defendant's certified mail is also authorized to accept service of process as the defendant's agent. The plaintiff contends that Ms. Cox, in her usual practice, receives and signs for certified mail on behalf of employees at Dell's Lebanon plant and, thus, the individual defendants were properly served when she signed for the certified mail containing the complaint and summons sent to the individual defendants at the Lebanon plant.

The Court finds the decision in <u>Boles</u> to be limited in scope to the facts of the particular decision. In <u>Boles</u>, there was evidence from both the defendants and the person who received the service of process that that person was authorized to receive certified mail on behalf of the defendants. The circumstances in this case are entirely different. First, Ms. Cox has filed a declaration, attesting that she has never been authorized to receive certified mail on behalf of the defendants. <u>See</u> Docket Entry No. 28. Second, the facts in <u>Boles</u> involved a small office in which the job of the person who signed for the certified mail containing the complaint and summons was to work primarily for four individuals, two of whom were the defendants at issue, and she delivered the certified mail to those two individuals.

In contrast, Ms. Cox is merely a person who works as a receptionist at the Dell plant. Dell has hundreds of employees at the Lebanon plant and Ms. Cox has no working relationship with the

individual defendants. Upon receipt of the mail, she routed it to the plant's mail sorting department and is unaware where the mail went after it left her possession. Finally, the Court finds that the language "authorized by appointment or law to receive service on behalf of the individual served" requires some type of specific authorization which flows from the individual to the person receiving mail on that individual's behalf. Such an authorization has not been shown in the instant case.

The Court finds that the individual defendants have not been properly served with process in this action and, thus, are not before the Court.

B. Motion to Dismiss[2]

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that dismissal is appropriate if it appears beyond doubt that the plaintiff can prove no set of facts in support of his alleged claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). For the purpose of a motion to dismiss, the allegations of the plaintiff's complaint are liberally construed and taken as true and all disputes are resolved in favor of the plaintiff. Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987); Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). More than bare assertions of legal conclusions, however, are required to withstand a motion to dismiss, and the complaint must contain allegations of fact sufficient to support the asserted legal claims. See Scheid, 859 F.2d at 436-37.

---

[2] The plaintiff suggests in his response that the motion to dismiss is untimely. However, by order entered January 18, 2005 (Docket Entry No. 36), the individual defendants were given until March 1, 2005, to file the motion to dismiss.

The individual defendants contend that the plaintiff fails to state a claim against them by his allegations and that the claims brought against them should be dismissed under Rule 12(b)(6). The Court agrees in substantial part. Even if the plaintiff had properly served the defendants, the plaintiff's claims under Title VII and the THRA against the individual defendants would warrant dismissal for failure to state a claim.

1. Title VII

Any claims against the individual defendants under Title VII are subject to dismissal for failure to state a claim because liability under Title VII may be assessed only against an entity which is an "employer" as defined by the act. See 42 U.S.C. § 20O0e(b). The law in the Sixth Circuit is clear that Title VII does not impose liability against individuals, and a supervisor or co-worker who does not otherwise qualify as an employer cannot be held personally or individually liable under Title VII. See Little v. BP Exploration & Oil Co., 265 F.3d 357, 362 (6th Cir. 2001); Johnson v. University of Cincinnati, 215 F.3d 561, 571 (6th Cir. 2000); Wathen v. General Electric Co., 115 F.3d 400, 405-06 (6th Cir. 1997). The individual defendants were clearly not the plaintiff's employer, and the plaintiff has not asserted any basis in his complaint for the imposition of liability against any of the individual defendants.[3]

---

[3] In ¶ 17 of his complaint, the plaintiff alleges that he has been discriminated because of his age. In ¶ 1 and in his statement of his causes of action located at ¶¶ 44-51, however, he states that he is asserting only a claim of racial discrimination.
  To the extent that the complaint can be read to include a claim for age discrimination, the analysis for individual liability applicable to Title VII claims applies to a claim brought under the Age Discrimination in Employment Act. See Hiler v. Brown, 177 F.3d 542, 545 (6th Cir. 1999); Wathen, 115 F.3d at 405.

8

2. THRA

The Tennessee Supreme Court has interpreted the term "employer" as contained in the THRA in a manner similar to the interpretation given to the term in Title VII. See Carr v. United Parcel Serv., 955 S.W.2d 832, 834-35 (Tenn. 1997) (overruled on other grounds by Parker v. Warren County Util. Dist., 2 S.W.3d 170 (Tenn. 1999)). Accordingly, individual employees or supervisors are not included within the definition of employers under the THRA and cannot be deemed individually liable in the same manner as the employer. Id. Thus, an individual supervisor is not liable for actions taken on behalf of the employer which are within the legitimate scope of the delegated management authority of the supervisor. Id.; McNeail-Tunstall v. Marsh USA, 307 F. Supp. 2d. 955, 974 (W.D. Tenn. 2004)

Under the THRA, however, individual liability may be imposed in a manner not provided for by Title VII. Section 4-21-301(2) of the THRA provides that:

> . . . it is a discriminatory practice for a person or for two (2) or more persons to:
>
> > (2) Aid, abet, incite, compel or command a person to engage in any of the acts or practices declared discriminatory by this chapter.[4]

The definition of a "person" as contained in this section is defined to include "one (1) or more individuals . . . ." See Tenn. Code Ann. § 4-21-102(14).

Accordingly, an individual who aids, abets, incites, compels, or commands an employer to engage in employment-related discrimination has violated the THRA. Carr, 955 S.W.2d at 836. Liability under this provision, i.e., the "accomplice theory," requires affirmative conduct on the part

---

[4] Section 4-21-401(a)(1) of the THRA makes it a discriminatory practice for an employer to "[f]ail or refuse to hire or discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's race, creed, color, religion, sex, age, or national origin."

9

of the individual employee. Failure to act or mere knowledge of a discriminatory act under the THRA is insufficient to support individual liability under this theory. Id. Further, under the theory of "accomplice liability," liability against an individual stems from affirmative action taken which aids or abets another person to engage in a discriminatory act. Id.; Crutchfield v. Aerospace Center Support, 1999 WL 1252899 (6th Cir., Dec. 14, 1999) (unpublished) (supervisor not individually liable under the THRA for claims of racial discrimination).

The Court finds that dismissal of individual liability claims under the THRA is warranted for two reasons.

First, in their reply (Docket Entry No. 46) to the plaintiff's response, the individual defendants argue that the plaintiff did not allege that they aided and abetted defendant Dell so as to put the plaintiff's THRA claims under the accomplice liability exception. The defendants assert that the plaintiff could not now amend his complaint to make those allegations because such an amendment would be futile since it would be barred by the one year statute of limitations for filing a claim under the THRA. Since the plaintiff asserts that the last discriminatory act occurred on July 6, 2003, and the complaint in this case was filed on November 8, 2004, the plaintiff's THRA claims are untimely. See Wade v. Knoxville Utils. Bd., 259 F.3d 452, 464 (6th Cir. 2001); T.C.A. § 4-21-311. The plaintiff has not provided any support for equitable tolling and the one year statute of limitations is not tolled during the pendency of the EEOC proceedings. Interestingly enough, the defendant only raised the issue of the statute of limitations in their reply in the context of a discussion about whether the plaintiff could amend his complaint and not in the motion itself. However, the Court finds that the one year statute of limitations provides an independent basis upon

10

which the plaintiff's THRA claims, whether or not they assert accomplice liability, should be dismissed.

Second, even if the THRA claims were timely, the plaintiff's complaint lacks allegations which would support a claim of individual liability under the THRA against the individually named defendants. The complaint is replete with allegations of wrongdoings which were purportedly committed against the plaintiff at Dell by the agents of Dell. Merely naming individual defendants against this backdrop, however, is not sufficient to state a claim against them under the THRA. There are no allegations which show that any of the individual defendants affirmatively acted to aid and abet Dell in order to discriminate against the plaintiff. A supervisor may be liable under the accomplice theory only if he has encouraged or prevented the employer from taking corrective action. Carr, 955 S.W.2d at 838. There are no such allegations in the amended complaint. There is nothing remarkable or distinguishing about the allegations made by the plaintiff, i.e., his workplace supervisors discriminated against him. The scenario he describes is commonplace in employment discrimination claims and finding individual liability based upon this scenario would essentially render all management employees potentially liable as individuals in exactly the same manner as the ultimate employer. Given the narrow definition of an employer under the THRA, such an outcome is certainly not contemplated by Section 4-21-301(2).

### 3. 42 U.S.C. § 1981

The individual defendants also contend in a footnote in their memorandum in support of the motion to dismiss that the plaintiff's claim under 42 U.S.C. § 1981 is directed at only Dell. See Docket Entry No. 40 at 2, n.2. They argue that the language used by the plaintiff in support of his

11

Section 1981 claim is directed at a single defendant, <u>see</u> Complaint (Docket Entry No. 1) at ¶¶ 49-51, and that, because Dell was the plaintiff's employer, Dell is the only defendant who had entered into an employment contract with the plaintiff and is the only party who could be subject to a claim under Section 1981. In his supplemental response, the plaintiff asserts that this claim is directed at the individual defendants, whom he contends can be held liable under Section 1981 for their discriminatory actions. <u>See</u> Docket Entry No. 48 at 4-5.

The Section 1981 cause of action as alleged in the complaint is unclear. Plaintiff alleges that he entered into an employment contract with "Defendant" and that "Defendant" intentionally denied him the benefit of the contract. However, in the same paragraph, the plaintiff alleges that "[d]efendant<u>s</u> displayed malice and reckless disregard." <u>See</u> Complaint at ¶ 50 (emphasis added). Further, the plaintiff incorporates all of the factual allegations of his complaint, including allegations of discriminatory acts alleged against the individual defendants, into his Section 1981 cause of action.

During the discussions at the case management conference on January 12, 2005, and, as reflected in the order entered January 18, 2005 (Docket Entry No. 36), the plaintiff was given until January 26, 2005, to file an amended complaint, "addressing his section 1981 and THRA claims against the individual defendants." The plaintiff advised the Court by a notice filed on January 18, 2005 (Docket Entry No. 37), that he did not wish to amend his complaint. It appears that the plaintiff believed that defendants' counsel had argued on January 12, 2005, that plaintiff could not bring a claim against individual defendants under 42 U.S.C. § 1981. However, defendants' counsel never argued that a Section 1981 claim could not be brought against individual defendants, but instead argued, as set out in footnote 2 of the memorandum in support of the motion to dismiss, that

12

the plaintiff has not asserted a Section 1981 claim against the individual defendants inasmuch as the plaintiff's allegations are directed specifically against defendant Dell.

After review of the complaint and in light of the plaintiff's arguments, the Court finds that the plaintiff, although somewhat unartfully, has directed his Section 1981 claim at both Dell and the individual defendants. The question then becomes whether the allegations of the complaint, which the plaintiff chose not to amend, are sufficient to actually state a claim under Section 1981 against each of the individual defendants.

Liability against an individual can only be found under Section 1981 where the individual himself has participated in the alleged discrimination against the plaintiff and has acted with an intent to discriminate on the basis of race. See Gen. Building Contractors Assoc. v. Pennsylvania, 458 U.S. 375, 390, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982). Accordingly, the plaintiff's allegations must be sufficient to support this required showing.

The plaintiff concedes that there are no specific allegations in the complaint showing the personal involvement of defendants Kevin Brown, Jeff Hellums, or Clark Ponthier. See Docket Entry No. 43 at 3. Accordingly, the plaintiff fails to state a Section 1981 claim against these three defendants, and they should be dismissed from the action.

The Court has carefully reviewed the allegations in the plaintiff's complaint and finds that there are insufficient allegations that defendant Bernie Davis acted with discriminatory intent sufficient to support a Section 1981 claim against him. In fact, the only allegation in the plaintiff's complaint related to defendant Davis is in paragraph 36, in which the plaintiff alleges that defendant Davis knew that his senior manager had refused to process paperwork for him to be paid. Therefore,

13

the plaintiff fails to state a claim under Section 1981 against defendant Davis, and he should be dismissed from the action.

Despite the fact that the plaintiff failed to file an amended complaint to include with specificity his Section 1981 claims against the individual defendants, the Court finds that the allegations in the complaint regarding the other individual defendants are sufficient to support a Section 1981 claim against them and, thus, the plaintiff has stated a claim upon which relief can be granted against defendants Kelly, Kerian, Jarvis, Forte, and Butler based on the allegations in the complaint. See, e.g., ¶¶ 21, 25, 29, 33, 34, 39, and 50 of the Complaint.

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that:

1) the plaintiff's motion (Docket Entry No. 35) for reconsideration of entry of default and motion for default judgment be DENIED;

2) the defendants' motion to strike or disregard (Docket Entry No. 45) be GRANTED;

3) the defendants' motion (Docket Entry No. 39) to dismiss the individual defendants be GRANTED in part and DENIED in part, specifically the claims against Ponthier, Hellums, Brown, and Davis be DISMISSED in their entirety, and the claims against the individual defendants be DISMISSED as to the Title VII and THRA claims, leaving the plaintiff's claims under 42 U.S.C. § 1981 against defendants Kelly, Kerian, Jarvis, Forte, and Butler, individually.[5]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific

---

[5] The defendants have not sought to dismiss any claims against defendant Dell.

14

portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                              Respectfully submitted,


                              _____
                              JULIET GRIFFIN
                              United States Magistrate Judge