IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CALVIN E. MCGOWAN )
 )
    v. ) NO. 3:04-0996
 )
DELL COMPUTER CORP., et al. )

TO: Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

By Memorandum and Order entered April 28, 2006 (Docket Entry No. 64), the Court found that process had not been served upon any of the individual defendants[1] named in this action and that the action as to the individual defendants was subject to dismissal under Rule 4(m) of the Federal Rules of Civil Procedure. The Court granted the plaintiff ten days from entry of the Memorandum and Order to show cause why his complaint should not be dismissed under Rule 4(m) as to the individual defendants. The plaintiff thereafter filed a motion and memorandum (Docket Entry Nos. 65 and 66) to vacate and reverse the Memorandum and Order. The defendants have filed a response in opposition (Docket Entry No. 67).

By order entered June 28, 2006 (Docket Entry No. 68), the Court referred the plaintiff's motion to vacate and reverse to the Magistrate Judge under 28 U.S.C. 636(b)(1)(A) and (B) and Rule

---

[1] Clark Ponthier, Greg Kelly, James Kernian, Kevin Brown, Ron Jarvis, Ken Forte, Bernie Davis, Jeff Hellums, and Michelle Butler ("the individual defendants").

72(b) of the Federal Rules of Civil Procedure. For the reasons set out below, the Court recommends that the plaintiff's motion be denied.

## I. BACKGROUND

The plaintiff attempted to serve the individual defendants with process by certified mail at the Dell plant in Lebanon, Tennessee. Process for the individual defendants was received by a receptionist at the Dell plant who signed the return receipt cards for the certified mail. See Declaration of Fran Cox (Docket Entry No. 28).

Although the plaintiff offered extensive argument in support of his claim that service of process on the individual defendants was proper and that default should be entered against them, the Court analyzed and rejected these arguments in the Memorandum and Order entered April 28, 2006, and found that Ms. Cox was not an agent of the individual defendants authorized to receive service of process on their behalf.[2] Accordingly, the Court found that the plaintiff had not served the individual defendants with process in accordance with the Tennessee Rules of Civil Procedure, that the plaintiff had not shown that service of process had been made upon the individual defendants in accordance with Rule 4(e)(1) or (2) of the Federal Rules of Civil Procedure, and that any actual knowledge the individual defendants had of the lawsuit was insufficient to substitute for proper service of process under Rule 4 of the Federal Rules of Civil Procedure. See Docket Entry No. 64 at 2-6.

---

[2] The Court accepted as modified the Report and Recommendation entered by the Magistrate Judge on August 31, 2005 (Docket Entry No. 51), which addressed the issue.

## II. MOTION TO VACATE AND REVERSE

The plaintiff's motion to vacate and reverse and his supporting memorandum fail to offer any arguments in support of his position regarding service of process on the individual defendants which have not already been raised in his numerous, prior filings on this issue. See motion for reconsideration of entry of default and motion for default judgment (Docket Entry No. 35), response in opposition to motion to dismiss (Docket Entry No. 43), supplemental Response (Docket Entry No. 48), response to Report and Recommendation (Attachment to Docket Entry No. 53), and response to defendants' response (Docket Entry No. 58).

To the extent that the Court intended in its April 28, 2006, order to allow the plaintiff an additional ten days to actually effect service upon the individual defendants, the plaintiff has failed to show any attempt to do so. Instead, he has chosen to seek to vacate and reverse the order.

The Court has already reviewed these arguments and found them to be lacking. The plaintiff's motion to vacate and reverse is simply a rehashing of his prior arguments and contains nothing which supports a reversal of the Court's prior Memorandum and Order.

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that:

1) the plaintiff's motion to vacate and reverse (Docket Entry No. 65) be DENIED; and

2) having failed to show cause why his complaint should not be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure as to the individual defendants, defendants Clark Ponthier,

Greg Kelly, James Kernian, Kevin Brown, Ron Jarvis, Ken Forte, Bernie Davis, Jeff Hellums, and Michelle Butler be DISMISSED from this action under Rule 4(m).[3]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[3] The plaintiff's claims against Defendant Dell remain pending.