IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CALVIN E. MCGOWAN            )
                             )
    v.                       )      NO. 3:04-0996
                             )
DELL COMPUTER CORP.[1]       )

TO: Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered November 9, 2004 (Docket Entry No. 2), this case was referred to the Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for case management, for decision on all pretrial, nondispositive motions, for a report and recommendation on any dispositive motions, and to conduct any necessary proceedings.

Presently pending before the Court is the defendant's motion to dismiss and supporting memorandum (Docket Entry No. 81-82). The plaintiff has filed a motion (Docket Entry No. 88) to quash the subpoena and to quash the motion to dismiss and a supporting memorandum (Docket Entry No. 90), to which the defendant has filed

---

[1] The defendant asserts that its proper name is Dell Products, L.P. See, e.g., Docket Entry No. 83.

responses (Docket Entry Nos. 89 and 91-92). Set out below are the Court's recommendations for disposition of the motions.

## I. BACKGROUND

The plaintiff, acting pro se, filed this action against Dell Computer Corporation ("Dell") and nine individual defendants. The plaintiff is a former employee at Dell and alleges that he suffered racial discrimination, harassment, and disparate treatment at Dell in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. He also asserts a claim under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401, and a claim under 42 U.S.C. § 1981.

By Order entered October 30, 2006 (Docket Entry No. 79), the plaintiff's claims against the nine individual defendants were dismissed. A scheduling order (Docket Entry No. 80), was entered which provided a deadline of February 12, 2007, for the completion of discovery and the filing of discovery motions by the parties and a deadline of February 26, 2007, for the filing of dispositive motions.

## II. DEFENDANT'S MOTION TO DISMISS

The defendant seeks dismissal of the action on two grounds. First, the defendant asserts that the plaintiff failed to appear at his properly noticed deposition on January 16,

2

2007, without providing any prior notice that he would not attend the deposition. The defendant argues that the plaintiff's failure to appear and to provide documents which were requested by a subpoena <u>duces</u> <u>tecum</u> that was served in conjunction with his notice of deposition has prejudiced it by preventing it from obtaining discovery and from filing dispositive motions within the scheduling order deadlines. The defendant argues that the plaintiff's willful and unjustified refusal to participate in the discovery process justifies the sanction of dismissal under Rules 37(b) or 41(b) of the Federal Rules of Civil Procedure.

The defendant's second argument for dismissal is that the claims in the complaint can no longer be pursued by the plaintiff because he assigned the claims to his minor children. In its reply, the defendant also argues that the plaintiff is judicially estopped from pursuing the claims even if his attempted assignment of the claims is not legally valid.

The defendant asserts that the plaintiff and his wife, Wanda J. McGowan, were petitioners in a Bankruptcy proceeding in the Middle District of Tennessee, No. 3:04-bk-3731, at the same time as the proceedings in the instant action were occurring.[2] The defendant contends that the plaintiff filed a notice in the Bankruptcy proceeding representing that, on March 31, 2006, he executed a written assignment and sold his claims in the instant lawsuit to his minor children and that neither he nor his estate owned the

---

[2] The plaintiff and his wife filed a petition under Chapter 13 of the Bankruptcy Code on March 25, 2004. The action was converted to a Chapter 7 case on February 23, 2006, and a final decree was entered on November 15, 2006, discharging the Chapter 7 Trustee and closing the case.

3

claims. See Attachments to Docket Entry No. 82 (Docket Entry No. 82-6). Thus, the defendant argues that the plaintiff no longer is the real party in interest in the instant lawsuit, that he is not a licensed attorney and cannot represent his minor children in the action, and that he has been engaged in the unauthorized practice of law by signing and filing pleadings in this action despite knowing that he assigned away the claims.

In response, the plaintiff has filed what is styled as a "Motion to quash the subpoena and motion to quash Dell's motion to dismiss." See Docket Entry No. 88. He subsequently filed a supporting memorandum. See Docket Entry No. 90.

The plaintiff asserts that the purported assignment of his claims to his minor children was not signed by him until April 12, 2006, which was six days after the Bankruptcy Trustee had filed a Notice of Withdrawal of her No Distribution Report expressing her intent to not abandon as an asset of the Bankruptcy estate the claims in the instant lawsuit.[3] Therefore, the plaintiff contends that the assignment of his claims was not valid since the claims were still a part of the Bankruptcy estate.

With respect to his failure to attend his deposition or respond to the subpoena duces tecum, the plaintiff argues that the notice of the deposition and subpoena to appear and

---

[3] According to the docket entry in the Bankruptcy proceeding, all scheduled assets were deemed abandoned in the Trustee's Report of No Distribution filed on March 28, 2006. See Docket Entry No. 79, in 3:04-bk-3731. The Trustee's Notice of Withdrawal of No Distribution Report was apparently filed on April 6, 2006, although it has no docket entry number.

4

produce records did not allow him adequate time to respond pursuant to the applicable Federal Rules of Civil Procedure and Local Rules of Court, thus making the defendant's discovery requests burdensome and improper. The plaintiff also contends that requests made by the defendants for documents were themselves extremely burdensome.

In its replies to the plaintiff's filings, the defendant contends that the plaintiff should be judicially estopped from now arguing that the assignment of his claims was not a valid transfer since that argument is contrary to the position he took in the Bankruptcy proceedings that he had transferred his claims to his minor children on March 31, 2006, prior to the Bankruptcy Trustee's withdrawal of her Notice of No Distribution Report. Furthermore, the defendant argues that the plaintiff's attempted conveyance of his claims was an unequivocal abandonment of his rights to those claims, in the nature of a quitclaim, to which the plaintiff should be made to adhere in the instant proceeding.

The defendant also argues that the plaintiff's procedural and lack of timely notice arguments regarding the deposition notice and subpoena which were served upon him are misplaced because the plaintiff did not make any type of objection to the deposition notice or subpoena until after the defendant filed the pending motion to dismiss. The defendant argues that, even now, the plaintiff fails to provide a legitimate reason for his failure to appear at his deposition and failed to alert counsel prior to the deposition that he objected and would not attend.

5

III. ANALYSIS

A. The Plaintiff's Status As The Proper Party

The Court does not find persuasive either the defendant's argument that the plaintiff is not the proper party to this action or the argument that he should be judicially estopped from asserting in the instant action that the purported assignment of his claims in the Bankruptcy proceeding was not valid.

The Court finds that the plaintiff did not make a valid transfer of his rights to his employment discrimination claims by the assignment document he executed. At the time the plaintiff and his wife converted their Chapter 13 Bankruptcy petition to a Chapter 7 petition, the plaintiff's unliquidated legal claims against the defendant were the property of the Bankruptcy estate and the instant lawsuit was listed in the Schedule of Assets filed at the time of the conversion.[4] Property of the estate encompasses "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Such interests include causes of action. In re Ozark Restaurant Equipment Co., 816 F.2d 1222, 1225 (8th Cir.), cert. denied, 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987).

---

[4] The Court has gleaned information from the plaintiff's Bankruptcy proceeding from the electronic filings made in that case. Because the Chapter 13 petition was filed before the Bankruptcy Court adopted electronic filing, the Court cannot determine whether the plaintiff listed his claim against the defendant in his original Schedule of Assets. However, the defendant has not raised this issue.

6

Because the claims were the property of the Bankruptcy estate, the plaintiff had no legal ability to assign the claims unless they were legally abandoned by the Bankruptcy Trustee. Abandonment of an asset is governed by 11 U.S.C. § 554. The pertinent language of Section 554 is contained in subsection 554(a) and states:

> [a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

11 U.S.C. § 554(a)

The meeting of the creditors was held on March 27, 2006, in the Bankruptcy proceeding. The next day, March 28, 2006, the Trustee filed a Report of No Distribution requesting she be discharged and that all scheduled assets be abandoned. The Trustee withdrew this report on April 6, 2006, and on June 27, 2006, filed an interim report indicating that the Trustee was pursuing the plaintiff's employment discrimination lawsuit.[5] On July 21, 2006, however, the Trustee filed a Report of No Distribution deeming all scheduled property abandoned and asking to be discharged. See Docket Entry No. 140 in 3:04-bk-3731. This Report was approved and a Final Decree was entered on November 15, 2006, closing the estate. See Docket Entry No. 142 in 3:04-bk-3731.

---

[5] The Bankruptcy Court closed the case by a final decree on June 28, 2006. However, by Order entered July 6, 2006, the Bankruptcy Court noted that the Trustee had withdrawn the Report of No Distribution, found that the case had been closed in error, set aside the final decree, and reopened the case for further administration.

Although the Trustee's filing of a "No Asset" report may exhibit the Trustee's intent to abandon an asset, that report in and of itself cannot result in abandonment unless the Court closes the case. In re Reed, 940 F.2d 1317, 1321 (9th Cir. 1991); Vonderahe v. Polaniecki, 276 B.R. 856, 860 (Bankr. S.D. Ohio 2001); Behrens v. Woodhaven Ass'n, 87 B.R. 971, 973 n.1 (Bankr. N.D. Ill. 1988); In re Dlugopolski, 67 B.R. 122, 124 (Bankr. D. Kan. 1986). Furthermore, it is clear that the Trustee's No Distribution Report was withdrawn by the Trustee within ten days of its being filed and that Trustee proceeded to administer the claims as evidenced by the Interim Report filed on June 27, 2006, which expressly stated that the Trustee was pursuing the legal claims. See Docket Entry No. 135 in 3:04-bk-3731.

In the plaintiff's Bankruptcy proceeding, the employment discrimination claims at issue were not abandoned until the Bankruptcy Court entered the final decree on November 15, 2006. The Trustee's initial filing of the No Distribution Report on March 28, 2006, did not constitute an official abandonment of the claims, and the plaintiff had no legal authority to assign the claims since the claims remained the property of the Bankruptcy estate at the time. Accordingly, the Court finds that the plaintiff is the real party in interest for the claims brought in the instant action.

To the extent that the defendant argues that the attempted assignment of the claims, although lacking legal validity at the time it was attempted, nonetheless constitutes a legal assignment of the claims at the present time, see Defendant's Reply, Docket Entry No. 91

8

Case 3:04-cv-00996 Document 93 Filed 07/20/07 Page 8 of 13 PageID #: 325

at 3-4 and Supplement, Docket Entry No. 92 at 1-2, the Court finds that the defendant's position is not supported with analysis or legal authority in light of the specific facts of the instant action. The single case cited by the defendant, In Re Johnson, 187 B.R. 598, 601 (Bankr. E.D. Tenn. 1994), involved a real estate quitclaim deed which was legally valid at the time made. As such, the case is both factually and legally distinguishable.

B. Judicial Estoppel

The doctrine of judicial estoppel bars a party from asserting a position that is contrary to one the party has asserted under oath in a prior proceeding,[6] where the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition. Eubanks v. CBSK Fin. Grp., Inc., 385 F.3d 894, 897 (6th Cir. 2004); Griffith v. Wal-Mart Stores, Inc., 135 F.3d 376, 380 (6th Cir. 1998), cert. denied, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999); Teledyne Indus., Inc. v. NLRB, 911 F.2d 1214, 1218 (6th Cir. 1990). Judicial estoppel is an "equitable doctrine meant to preserve the integrity of the

---

[6] Courts are not uniform in reciting that the requirement that the position taken in a prior proceeding be "under oath." Compare Reynolds v. Commissioner, 861 F.2d 469, 472 (6th Cir. 1988) (no "under oath" requirement mentioned) with Griffith, Teledyne, and Hickory Specialties, Inc. v. Forest Flavors Int'l, Inc., 12 F. Supp. 2d 760 (M.D. Tenn. 1998) (Wiseman, J.) ("under oath" requirement). In Bohanan v. Bridgestone/Firestone North Am. Tire, LLC, 3-06-0122 (M.D. Tenn. Apr. 10, 2007) (Wiseman J.), this Court did not include the "under oath" requirement in its description of the doctrine of judicial estoppel, but found in that case that the plaintiffs had asserted a contrary position "under oath" in their Bankruptcy proceedings.

9

courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment." Teledyne, 911 F.2d at 1218. Judicial estoppel, however, should be applied with caution to "avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement." Id.; Eubanks, 385 F.3d at 897.

In the instant action, there is no evidence that the Bankruptcy Court adopted the plaintiff's position that the employment discrimination claims had been assigned to his minor children. Indeed, there is nothing which indicates that the plaintiff's attempted assignment was even acknowledged by the Bankruptcy Court, and it appears that the Bankruptcy case proceeded without regard to the plaintiff's attempted assignment. While it is certainly reasonable for the defendant to view the plaintiff's attempted assignment of the claims in the Bankruptcy proceeding as some type of legal gamesmanship, it is apparent that no one else was playing the game the plaintiff was attempting to play and his actions, for all practical and legal purposes, were essentially a nullity. The Defendant simply has not shown that the elements of judicial estoppel apply in the instant situation.

C. The Plaintiff's Failure To Appear At His Deposition

The plaintiff does not deny that he received notice of the scheduled deposition on January 5, 2007. Nor does he offer any legitimate explanation for why he did not appear for his scheduled and noticed deposition on January 16, 2007. Instead, he sets forth several pages of references to the Federal Rules of Civil Procedure and Local Rules of Court regarding subpoenas, notices, deadlines, and general discovery and argues that the notice and subpoenas were improperly served.

The Court is not persuaded by the plaintiff's arguments. If the plaintiff had objections to the form or the timing of the deposition notice and related subpoena,[7] he should have made such objections prior to the deposition or at the deposition itself. Not attending the deposition without any prior notice or without first filing an appropriate motion is simply not acceptable. Neither is filing a motion to quash to the subpoena nearly two months after the deposition was scheduled to take place. Such actions are dilatory and counterproductive to resolving the merits of the plaintiff's claims.

---

[7] The Court questions the propriety of issuing a subpoena to a party for production of documents prior to a deposition. It is not necessary to issue a subpoena to compel the attendance of a party at his own deposition. See Rule 30 of the Federal Rules of Civil Procedure. Requests for production of documents to a party is governed by Rule 34 of the Federal Rules of Civil Procedure. However, in light of the Court's recommendation herein, it is not necessary to address whether a subpoena duces tecum directing a party to produce documents and appear at his deposition is appropriate.

11

Nonetheless, the Court finds that the sanction of dismissal of the action is too drastic and not warranted. This action is not yet set for trial and any prejudice caused by the plaintiff's failure to attend his deposition can be cured by amendment of the scheduling order. To the extent that the defendant has suffered monetary losses caused by the failure of the plaintiff to appear at his deposition, the defendant can seek an award of costs at the conclusion of this action.

**R E C O M M E N D A T I O N**

For the reasons set out above, the Court respectfully RECOMMENDS that:

1) the defendant's motion to DISMISS (Docket Entry No. 81) be DENIED;

2) the plaintiff's motion to quash (Docket Entry No. 88) be DENIED; and

3) the plaintiff be ordered to attend his deposition, to be noticed at a future date, upon sanction of dismissal if he fails to attend.[8]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and

---

[8] If this Report and Recommendation is adopted, the Court will enter an amended scheduling order setting out additional time for the defendant to engage in discovery.

12

Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge